```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :

UNITED STATES OF AMERICA                        25 Cr. 253 (KMK)

                                        :

    - V. -

                                        :

Hector Ernesto Castro Ruiz

                                        :

----------------------------------------X
```

SENTENCING MEMORANDUM


Dated:    White Plains, New York
          September 17, 2025

                              Federal Defenders of New York
                              Benjamin Gold
                              Attorney for Mr. Castro Ruiz
                              81 Main Street, Suite 124
                              White Plains, NY  10601
                              (914) 458-8128


To:  The Honorable Kennth M. Karas
     U.S. District Judge
     Southern District of New York


CC:  Jay Clayton, Esq.
     United States Attorney
     Southern District of New York
     One St. Andrews's Place
     New York, New York

     Carmi Schickler
     Assistant United States Attorney

# Federal Defenders
## OF NEW YORK, INC.

Southern District
81 Main Street, Suite 124
White Plains, NY 10007
Tel: (914) 428-7124 Fax: (914) 948-5109

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

September 17, 2025

**VIA EMAIL and ECF**

The Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

>    Re:    *United States v. Hector Ernesto Castro Ruiz*
>    **25 Cr. 253  (KMK)**

Dear Honorable Karas,

At thirteen years old, Mr. Castro Ruiz withdrew from school and began working full time as a laborer in the construction industry in his home country of El Salvador.  He did this because his mother, who suffered from arthritis, was no longer able to work.  Mr. Castro Ruiz worked continuously in El Salvador until, at seventeen, he moved to the United States to be near his older siblings and to pursue an education and economic advancement.  He attended high school during the day and worked at a bakery at night.  This lasted until, at nineteen, Mr. Castro Ruiz was arrested for an assault that occurred when he was drinking with other teenagers.  Mr. Castro Ruiz pleaded guilty to assault and, after serving his sentence, he was deported.  While he wasn't supposed to return to the United States, Mr. Castro Ruiz wanted to work in America and reunite with his siblings, so in 2021 he returned to the United States and worked, sending money home to his family.  His reentry to the United States was unlawful, but in light of Mr. Castro Ruiz's sympathetic past, and his credible statement that he will not return to the United States, a sentence of time served is more than sufficient.

## Mr. Castro Ruiz's Childhood Leads Him to the United States

Mr. Castro Ruiz was born on May 25, 1998 in El Salvador.  PSR P. 2, ¶ 36.[1] He spent the bulk of his childhood in Metapan, a small city near the border of Honduras and Guatemala.  *Id.* ¶ 34, 36.  Mr. Castro Ruiz was raised by his mother, Fidelia Castro Ruiz.  *Id.* ¶ 38.  He lived in a small house in a middle-class neighborhood with his mother and his four older siblings.  *Id.* ¶ 37-38.  The family attended church and, while there was gang activity in their neighborhood, Mr. Castro Ruiz did not personally experience violence.  *Id.* ¶ 38.  Through her work as a housekeeper, Ms. Castro Ruiz was able to support Mr. Castro Ruiz and his

---

[1] The final Presentence Report has not yet been disclosed, so citations herein are to the draft Presentence Report.

Sentencing Submission: Hector Ernesto Castro Ruiz                    September 17, 2025
25 Cr 253 (KMK)                                                              Page 2

siblings. *Id.* ¶ 38. But the stability the family enjoyed was destroyed when his mother, mainly due to debilitating arthritis, could no longer work. *Id.* ¶ 39. This occurred 1997 or 1998, when Mr., Castro Ruiz was just nine or ten years old. *Id.* ¶ 39. Three years later, when Mr. Castro Ruiz was just thirteen, Mr. Castro Ruiz dropped out of school and began working long hours as a construction laborer, earning $60 per week. *Id.* ¶ 39, 59. Hard work as a child laborer was Mr. Castro Ruiz's reality, but in 2016, when Mr. Castro Ruiz was just seventeen, Mr. Castro Ruiz decided to follow in the footsteps of his older sibling and move to the United States for economic opportunity. *Id.* ¶ 40.

**Mr. Castro Ruiz's Experience in the United States**

Mr. Castro Ruiz came to the United States without legal permission in 2016. *Id.* ¶ 40. His older brother, Walter Ramirez, had already immigrated from El Salvador and was residing in Rockland County so Mr. Castro Ruiz travelled to New York and lived with Mr. Ramirez. *Id.* Still seventeen, Mr. Castro Ruiz enrolled at Ramapo High School and found work at a local bakery. *Id.* ¶ 53. After school, Mr. Castro Ruiz would work at a bakery from 2:30pm until 11:30pm. *Id.* This enabled Mr. Castro Ruiz to support himself and to send money to his mother in El Salvador. *Id.* ¶ 28. But the schedule was grueling, and Mr. Castro Ruiz was always tired which caused problems for Mr. Castro Ruiz at school. *Id.* ¶ 53.

On June 12, 2017, Mr. Castro Ruiz, still in high school, was at an apartment building in Spring Valley, New York. *Id.* ¶ 28. He was with other teenagers and consumed vodka for the very first time. *Id.* ¶ *28, 46.* An altercation took place and Mr. Castro Ruiz assaulted a woman with a knife, causing her to need 30 stitches. *Id.* Mr. Castro Ruiz was arrested and admitted his conduct, although, due to the vodka he was drinking, his memory of the incident is not clear. *Id.* According to the presentence report that was prepared in relation to the assault, Mr. Castro Ruiz "appeared honest" and "feels horrible about the victim and how he has marked her for the rest of her life." As a result of his conduct, Mr. Castro Ruiz was sentenced to three years in prison. Mr. Castro finished his sentence in late 2020 and was promptly deported. *Id.* ¶ 28.

**Mr. Castro Ruiz Returns Unlawfully, Is Arrested, and Promptly Pleads Guilty**

Mr. Castro Ruiz returned to El Salvador in 2020 and reunited with his mother in Metapan. He worked but still strived for economic advancement, so he returned to the United States in 2021. *Id.* ¶ 40. Mr. Castro Ruiz worked as a day laborer and rented rooms near his brother in Rockland County. *Id.* ¶ 40. In April of 2025, Mr. Castro Ruiz found a better, more stable job at Golden Taste, a restaurant in Spring Valley, New York. *Id.* ¶ 53. After roughly one-week of work, specifically on April 8, 2025, immigration officials arrested Mr. Castro Ruiz. *Id.* P. 1. Mr. Castro Ruiz was

Sentencing Submission: Hector Ernesto Castro Ruiz                September 17, 2025
25 Cr 253 (KMK)                                                                    Page 3

charged with unlawfully reentering the United States and on June 2, 2025, Mr. Castro Ruiz waived prosecution by indictment and pleaded guilty.  *Id.* ¶ 1.

**The Most Appropriate Sentence:  Time Served**

As Your Honor is well aware, in selecting a sentence this Court takes as its "lodestar the parsimony clause of 18 U.S.C. § 3553(a)." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). That provision directs sentencing courts to "'impose a sentence sufficient, but not greater than necessary, to comply with' the factors set out in 18 U.S.C. § 3553(a)(2)," i.e., "proportionality, deterrence, incapacitation, and rehabilitation." *Id.*  In *United States v. Ministro-Tapia*, 470 F.3d 137 (2d Cir. 2006), the Second Circuit explained that if the Court believes a lower sentence will be as effective as a higher sentence in serving the purposes of sentencing, **it must choose the lower sentence**. *See id.* at 142 (observing that where a guidelines sentence is "in equipoise with [a] below-the-range sentence," the parsimony clause requires imposition of the lower sentence).  In this case, as recognized by the Guidelines, a sentence of time-served is more than sufficient.

**A.      The nature and circumstances of Mr. Castro Ruiz's offense do not compel more than six-months of incarceration.**

As acknowledged by his plea, and to Probation, Mr. Castro Ruiz unlawfully reentered the United States in 2021 after he was deported in 2020.  Mr. Castro Ruiz entered the United States from his native country of El Salvador.  He came to the United States to pursue economic opportunity, and to be near some of his siblings who live in New York.  After returning to the United States, Mr. Castro did not engage in unlawful conduct.  Instead, he worked as a day laborer and sent money home to his mother in El Salvador.  After nearly four years of working hard, Mr. Castro Ruiz was arrested by immigration authorities.  While he has a prior conviction from 2019, Mr. Castro Ruiz committed no crimes (other than being in the United States unlawfully) after he unlawfully returned to the United States in 2021.

Of course, it was unlawful for Mr. Castro Ruiz to return to the United States. But his motive was not to cause harm.  Mr. Castro Ruiz came to the United States to work and to support his ailing mother.  Under these circumstances, as recognized by the Guidelines in this case, additional incarceration is unnecessary.[2]

---

[2] The Guidelines in this case call for a sentence of between 6 and 12 months.  Mr. Castro Ruiz was arrested on April 8, 2025 and is scheduled to be sentenced on October 1, 2025.  At his sentencing, Mr. Castro Ruiz will have been incarcerated for 176 days or 5.8 months.  A sentence of time served would be one-week short of six-months, which is the low end of the applicable Guidelines.

### B.    Mr. Castro Ruiz's history and characteristics do not require additional incarceration.

Mr. Castro Ruiz is a hard-working young man who is fiercely devoted to his family.  As a child of only twelve years of age, Mr. Castro Ruiz exited school and began working construction to support his mother who, due to her own health issues, was no longer able to work.  He came to the United States as a teenager, enrolled in school, and worked at night in a bakery so he could send money home to his mother.  While he committed an assault in 2017, this occurred when Mr. Castro Ruiz was nineteen and was a clear aberration.  The conduct occurred when he was experimenting – for the first time – with vodka and Mr. Castro Ruiz has since abstained from substance use and has committed no acts of violence.  After his arrest in for the assault, Mr. Castro Ruiz expressed remorse for his conduct and sympathy for his victim.  And since the assault arrest, Mr. Castro Ruiz has committed no violent acts.  Instead, he's spent his life working low pay, difficult jobs to support his family.  For these reasons, additional incarceration is unnecessary.

### C.    Mr. Castro Ruiz has been deterred.

Mr. Castro Ruiz has been incarcerated since his arrest and, during his incarceration, he has worked in the kitchen at the jail and has had no disciplinary issues.  Because of his arrest, Mr. Casto Ruiz has been unable to help support his mother.  He recognizes that he is not welcome in the United States, and he has vowed not to return.  *See* Letter by Mr. Castro Ruiz ("It was a mistake to make the choice to come back.  I thought with the financial situation in El Salvador it would be better here…In the future, I plan to live in El Salvador with my mom, and I plan to find work there. I promise I will not return to the United States") (Exhibit A).[3] For these reasons, it is clear that Mr. Castro Ruzi has been specifically deterred.  In terms of general deterrence, a sentence of time served, followed by immigration detention and prompt deportation, sends a message that will provide sufficient deterrence.  Additional incarceration is unnecessary.  This is especially true because once Mr. Castro Ruiz finishes his sentence the removal process itself entails significant hardship.  Mr. Castro Ruiz will be subject to mandatory detention during the removal proceeding, 8 U.S.C. § 1226(c), and he will likely be detained far from his family in New York, at whichever ICE detention site has space, and he does not know how long it will take for him to be returned to El Salvador.  For this reason, a sentence of time served provides ample general deterrence and additional incarceration would amount to more punishment than is necessary.

### CONCLUSION

---

[3] Mr. Castro Ruiz's letter was translated by an interpreter employed by the Federal Defenders.

Sentencing Submission: Hector Ernesto Castro Ruiz          September 17, 2025
25 Cr 253 (KMK)                                                          Page 5


Mr. Castro Ruiz has accepted full responsibility and will not recidivate. While he has sinblings in the United States, his mother is in El Salvador and he has plans to work there.  Under these circumstances, additional incarceration is unnecessary.

Thank you for your consideration of this request.


Sincerely,

Benjamin Gold
Assistant Federal Defender


cc:  Assistant U.S. Attorney Carmi Schickler

5